# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| MEGAN SEALY,<br>Individually and on behalf<br>of all others similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>**GOOSEHEAD INSURANCE AGENCY, LLC.**<br><br>*Defendant.* | § § § § § § § § § § § § | Civil Action No. _____<br><br><br>**JURY TRIAL DEMANDED**<br><br><br>**COLLECTIVE ACTION**<br>**PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Megan Sealy brings this action individually and on behalf of all other similarly situated individuals (hereinafter "Plaintiff and the Putative Class Members") who were employed by Goosehead Insurance Agency, LLC ("Goosehead" or "Defendant"), anywhere in the United States, at any time from December 27, 2018 through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207, and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

2. Plaintiff and the Putative Class Members are those persons who worked for Goosehead as Service Agents, anywhere in the United States, at any time from December 27, 2018 through the final disposition of this matter, and have not been paid overtime in violation of federal law.

3. Goosehead improperly classified Plaintiff and the FLSA Collective Members as exempt from overtime.

4. Although Plaintiff and the FLSA Collective Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the FLSA Collective Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

5. The decision by Goosehead not to pay overtime compensation to Plaintiff and the FLSA Collective Members was neither reasonable nor in good faith.

6. Goosehead knowingly and deliberately failed to compensate Plaintiff and the FLSA Collective Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7. Plaintiff and the FLSA Collective Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA.

8. Goosehead knowingly and deliberately misclassified Plaintiff and the FLSA Collective Members as exempt employees not entitled to overtime compensation.

9. Plaintiff and the FLSA Collective Members therefore seek to recover all unpaid wages, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

10. Plaintiff also prays that all similarly situated workers (FLSA Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

11. Plaintiff Megan Sealy ("Sealy") was employed by Goosehead during the relevant time period. Plaintiff Sealy did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The FLSA Collective Members are those current and former Service Agents employed by Goosehead, anywhere in the United States, at any time from December 20, 2018 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Sealy worked and was paid.

13. Defendant Goosehead Insurance Agency, LLC ("Goosehead") is a foreign limited liability company, licensed to and doing business in the state of Texas, and may be served through its registered agent for service of process: **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.**

## III.
## JURISDICTION & VENUE

14. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

---

[1] The written consent of Megan Sealy is attached hereto as Exhibit "A."

15. This Court has personal jurisdiction over Goosehead because the cause of action arose within this district as a result of Goosehead conduct within this District and Division.

16. Venue is proper in the Northern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

17. Specifically, Goosehead's corporate headquarters are located in Westlake, Texas, and Plaintiff Sealy performed work for Goosehead in Westlake, Texas, all of which is located within this District and Division.

18. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

19. Defendant Goosehead Insurance Agency, LLC is an insurance agency operating throughout the United States.[2]

20. To provide its services, Goosehead employed (and continues to employ) numerous workers—including Plaintiff and the individuals that make up the putative class.

21. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout the United States.

22. Plaintiff Sealy has been employed as a Service Agent by Goosehead in Westlake, Texas since approximately June 2019.

23. Plaintiff and the FLSA Collective Members are (or were) **non-exempt** Service Agents employed by Goosehead during the relevant time-period.

24. Importantly, none of the FLSA exemptions relieving a covered employer (such as Goosehead) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to the Plaintiff or the FLSA Collective Members.

---

[2] https://www.goosehead.com.

25. Moreover, Plaintiff and the FLSA Collective Members are similarly situated with respect to their job duties, their pay structure, and as set forth below, the policies of Goosehead resulting in the complained of FLSA violations.

26. Plaintiff and the FLSA Collective Members were all paid a salary plus a survey bonus but no overtime.

27. Specifically, Plaintiff and the FLSA Collective Members assist Goosehead's customer over the phone by, provide concierge/white-glove level service, check customer policies, adjust closing dates, assist customers with insurance policy changes, and assist with billing issues.

28. Plaintiff and the FLSA Collective Members all perform the same primary duties nationwide regardless of their specific job title or location.

29. They are uniformly trained by Goosehead, and all abide by the same policies and procedures, regardless of their specific job title or location.

30. Plaintiff and the FLSA Collective Members conduct their day-to-day activities within designed parameters and in accordance with pre-determined plans created by Goosehead.

31. Plaintiff and the FLSA Collective Members are not permitted to deviate from these parameters or plans and do not exercise discretion and independent judgment with respect to matters of significance.

32. Specifically, Plaintiff and the FLSA Collective Members must follow and apply Goosehead's well-established procedures for modifying insurance policies and assisting customers with their needs.

33. Plaintiff and the FLSA Collective Members instead offer high end customer service, only assisting customers with their needs over the phone.

34. Plaintiff and the FLSA Collective Members' duties also do not include managerial responsibilities or the exercise of independent discretion or judgment.

35. Plaintiff and the FLSA Collective Members do not have the authority to hire or fire other employees, and they are not responsible for making hiring or firing recommendations.

36. Plaintiff and the FLSA Collective Members are not responsible for setting schedules or rates of pay.

37. Plaintiff and the FLSA Collective Members cannot deviate from Goosehead's requirements or instructions without permission.

38. Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours per week but never received any overtime compensation.

39. Plaintiff and the FLSA Collective Members typically worked approximately fifty (50) to sixty (60) hours per week.

40. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each week.

41. Goosehead denied Plaintiff and the FLSA Collective Members overtime pay as a result of a widely applicable, illegal pay practice.

42. Plaintiff and the FLSA Collective Members are ***non-exempt*** employees entitled to overtime pay under the FLSA.

43. Although it is well-known that production-side workers like Plaintiff and the FLSA Collective Members are ***not*** exempt from overtime, Goosehead did not pay Plaintiff and the FLSA Collective Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

44. Goosehead applied this pay practice despite clear and controlling law that states that the routine and manual labor duties which were performed by Plaintiff and the FLSA Collective Members consisted of ***non-exempt*** work.

45. Because Goosehead did not pay Plaintiff and the FLSA Collective Members time and a half for all hours worked in excess of forty (40) in a workweek, Goosehead's pay policies and practices violated (and continue to violate) the FLSA.

## V.
## CAUSE OF ACTION

**A.     FLSA COVERAGE**

46.     Paragraphs 1–45 are fully incorporated herein.

47.     The FLSA Collective is defined as:

**ALL SERVICE AGENTS EMPLOYED BY GOOSEHEAD INSURANCE AGENCY, LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM DECEMBER 27, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

48.     At all times hereinafter mentioned, Goosehead has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

49.     At all times hereinafter mentioned, Goosehead has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

50.     At all times hereinafter mentioned, Goosehead has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of a hospital and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

51. Specifically, Goosehead purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

52. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Goosehead, these individuals provided services for Goosehead that involved interstate commerce for purposes of the FLSA.

53. In performing the operations described above, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

54. Specifically, Plaintiff and the FLSA Collective Members are (or were) employees who served Goosehead's customers throughout the United States. 29 U.S.C. § 203(j).

55. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

56. The proposed class of similarly situated employees, i.e. FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 47.

57. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Goosehead.

**B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

58. Goosehead violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty

(40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

59. Moreover, Goosehead knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

60. Goosehead knew or should have known its pay practices were in violation of the FLSA.

61. Goosehead is a sophisticated party and employer, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

62. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Goosehead to pay them according to the law.

63. The decision and practice by Goosehead to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

64. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.    COLLECTIVE ACTION ALLEGATIONS**

65. All previous paragraphs are incorporated as though fully set forth herein.

66. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of Goosehead employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

67. Other similarly situated employees of Goosehead have been victimized by Goosehead patterns, practices, and policies, which are in willful violation of the FLSA.

68. The FLSA Collective Members are defined in Paragraph 47.

69. Goosehead's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Goosehead, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

70. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

71. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

72. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

73. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

74. Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and Goosehead will retain the proceeds of its violations.

75. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

76. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 47 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

77. Plaintiff Sealy respectfully prays for judgment against Goosehead as follows:

    a.    For an Order certifying the FLSA Collective as defined in Paragraph 47 and requiring Goosehead to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b.    For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c.    For an Order pursuant to Section 16(b) of the FLSA finding Goosehead liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

    d.    For an Order awarding the costs of this action;

    e.    For an Order awarding attorneys' fees;

    f.    For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    g.    For an Order awarding Plaintiff Sealy a service award as permitted by law;

    h.    For an Order compelling the accounting of the books and records of Goosehead, at Goosehead's expense; and

    i.    For an Order granting such other and further relief as may be necessary and appropriate.

Date:   December 27, 2021                     Respectfully submitted,

                                                     **ANDERSON ALEXANDER, PLLC**

                                                     By:    */s/ Clif Alexander*
                                                              **Clif Alexander**

Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
**Carter T. Hastings**
Texas Bar No. 24101879
carter@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Counsel for Plaintiff and the FLSA Collective Members*